THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Kevin Jerome Daniels, | ) | |
| | ) | |
| Plaintiff, | ) | C/A No. 0:08-0545-GRA-PJG |
| | ) | |
| v. | ) | |
| | ) | |
| Ruthie Flemming Stearns, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

     This matter comes before the Court to review the magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., filed on February 2, 2009. Plaintiff originally filed a complaint pursuant to 42 U.S.C. § 1983. On August 15, 2008, the defendant filed a motion for summary judgment. The magistrate issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising the plaintiff of the dismissal and summary judgment procedures and the possible consequences if he failed to adequately respond. The magistrate issued a second order on January 12, 2009, giving the plaintiff an additional fifteen (15) days in which to file his response to the defendant's motion for summary judgment. The plaintiff failed to respond. The magistrate now recommends dismissing the complaint with prejudice for failure to prosecute. This Court agrees.

     Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. FED. R. CIV. P. 72(b); *see United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.

*Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).  The defendant has not filed any objections

After reviewing the record, and the Report and Recommendation this Court finds that the magistrate applied sound legal principles to the facts of this case.  Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.  Accordingly, that this action is DISMISSED  with prejudice for lack of prosecution.  Moreover, all outstanding motions are DENIED AS MOOT.

IT IS SO ORDERED.

                                          G. ROSS ANDERSON, JR.
                                          UNITED STATES DISTRICT JUDGE

Anderson, South Carolina
February 25 , 2009

### NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.